# United States District Court

### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

FILED

NOV 2 2 2017

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

THE USE OF A NETWORK INVESTIGATIVE TECHNIQUE FOR A
COMPUTER ACCESSING EMAIL ACCOUNT:
**PSANCHEZ@INVERMAR.US**

Case No. 17-MR-**653**

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*: **THE USE OF A NETWORK INVESTIGATIVE TECHNIQUE FOR A COMPUTER ACCESSING EMAIL ACCOUNT: PSANCHEZ@INVERMAR.US as described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*: **See Attachment B for the Items to be Seized, all of which are evidence, fruits, and instrumentalities of a violations of Title 18, United States Code, Section 1343.**

**YOU ARE COMMANDED** to execute this warrant on or before **NOVEMBER 17, 2017**
                                                                *(not to exceed 14 days)*

☐   in the daytime 6:00 a.m. to 10:00 p.m.     ☒   at any time in the day or night because good cause has been established.

**The search shall be conducted in accordance with the protocol set in the attached Addendum.** Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Jonathan W. Feldman.

☐   Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐   for ____ days *(not to exceed 30)*.     ☐   until, the facts justifying, the later specific date of _____.

Date and time issued: November **3** , 2017 @ 10:14 AM

*Judge's signature*

City and State:  Rochester, New York

HONORABLE JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

*Printed name and Title*

## ATTACHMENT A

### Location to be Searched

 

This warrant authorizes the use of a network investigative technique on the portion of any computer accessing TARGET EMAIL, psanchez@invermar.us, that may assist in identifying the computer, its location, other information about the computer, and the user of the computer.

## ATTACHMENT B

### Information to be Seized

Information that may assist in identifying the computer, its location, other information about the computer, and the user of the computer, all of which is evidence, instrumentalities, contraband and fruits of violations of Title 18, United States Code, Section 1343 (Wire Fraud). This information may include environmental variables and/or certain registry-type information, such as:

1. The computer's IP address.
2. The computer's User Agent String.

This warrant does not authorize the physical seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of stored wire and electronic information as described above. See 18 U.S.C. § 3103a(b)(2).

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

1.   The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.   In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.   Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4.   In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.   If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court.   The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph four (4) above.

6.   Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband, or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein.   Nothing in the warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data. Software or hardware.

7.   Should there be a dispute or a question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.